100415-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-22344

CLAIRE CANTAVE,

    Plaintiffs,

vs.

HOLIDAY CVS, L.L.C., a Florida Limited
Liability Company, and JOHN DOE, Individually,

    Defendants.
_____/

## **DEFENDANT'S, HOLIDAY CVS, LLC, NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, LLC (hereinafter, "CVS"), hereby removes the above-styled action from the Eleventh Judicial Circuit for Miami-Dade County, to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

1. Plaintiff filed this civil action against the Defendant in the Eleventh Judicial Circuit for Miami-Dade County, Florida styled *Claire Cantave v. Holiday CVS, LLC,* Case No. 2021-006488-CA-01. A true and correct copy of all process and pleadings served upon CVS are attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. § 1447(b).

2. This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the CVS store located at 11221 SW 152nd Street in Miami-Dade County, Florida, on December 15, 2020. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Exhibit "1."

CASE NO. 1:21-cv-22344

3. On or about March 26, 2021, the Plaintiff served Holiday CVS, LLC. *See* Affidavit of Service of Process, dated March 26, 2021, attached hereto as part of Composite Exhibit "1."

4. On April 16, 2021, the Plaintiff filed an Amended Complaint to name the appropriate Defendant, Holiday CVS, LLC instead of CVS Pharmacy, Inc. *See* Amended Complaint as part of Composite Exhibit "1."

5. On April 26, 2021, Defendant served the Plaintiff with jurisdictional discovery. *See* Defendant's Request for Admissions, attached hereto as Exhibit "2."

6. On May 26, 2021, Plaintiff filed her response in which she denied that the damages sought in this case did not exceed $75,000, exclusive of interest and costs. *See* Plaintiff's Responses to Defendant's Request for Admissions dated May 26, 2021, attached hereto as Exhibit "3."

7. Defendant, CVS, filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Responses to Defendant's jurisdictional Request for Admissions on May 26, 2021. This response was the first paper indicating that the amount in controversy exceeded $75,000.00. *See* Exhibit "3." Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

8. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff's Responses to Request for Admissions referenced above further establishes that the amount in controversy exceeds $75,000.00. *See* Exhibit "3." *See also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11,

CASE NO. 1:21-cv-22344

2012) (stating "a defendant may introduce its own affidavits, declarations, or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

9. The Plaintiff, Claire Cantave, is a citizen of the state of Florida. *See* Paragraph 2 of Plaintiff's Complaint, attached hereto as part of Composite Exhibit "1." Consequently, the Plaintiff is presumed to be a citizen of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

10. Further, Defendant, Holiday CVS, LLC, is a single member LLC, its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2021 Annual Report, attached hereto as Exhibit "4." Therefore, Defendant, Holiday CVS, LLC is a citizen of the state of Rhode Island. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004))); *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

11. Plaintiff also identified and listed a "John Doe" as a party member. This does not preclude removal as Title 28 U.S.C. § 1441(b) provides:

CASE NO. 1:21-cv-22344

> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded.
>
> 28 U.S.C. § 1441(b)(1). "Even if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" *Smith v. Comcast Corp.*, 786 Fed. App'x 935, 939 (11th Cir. 2019) (quoting *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). "And for a removed case, 'diversity jurisdiction is determined ... at the time of removal.'" *Id.* (quoting *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017)). Accordingly, the citizenship of John Doe must be disregarded for purposes of determining removal based on diversity jurisdiction.

12. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

13. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit, in and for Miami-Dade, Florida and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto as Exhibit "5."

Dated: 6/25/2021

CASE NO. 1:21-cv-22344

Respectfully submitted,

_/s/ Jacob J. Liro_____
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939
Facsimile:    (305) 441-1745
Attorneys for Holiday CVS, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on June 25, 2021, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_/s/ Jacob J. Liro_____
Jacob J. Liro, Esquire

**SERVICE LIST**

Jessica A. Orenstein, Esquire
Morgan & Morgan, P.A.
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone:    (786) 598-5563
Facsimile:    (786) 598-5583
jorenstein@forthepeople.com; malsopp@forthepeople.com