UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

CLAIRE CANTAVE,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C., *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Holiday CVS, L.L.C.'s ("Defendant") Motion to Dismiss the Amended Complaint Because It Alleges Negligent Mode of Operation, ECF No. [5] ("Motion"), filed on July 2, 2021. Plaintiff Claire Cantave ("Plaintiff") filed a Response in Opposition to the Motion, ECF No. [9] ("Response"), to which Defendant filed a Reply, ECF No. [10] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

Plaintiff initiated this action on March 17, 2021. ECF No. [1-2] at 3.[1] According to the Amended Complaint, Plaintiff was a business invitee at CVS pharmacy located at 11221 S.W. 152nd Street, Miami, Florida. ECF No. [5-1] ¶ 6. As Plaintiff was walking through the CVS pharmacy, she slipped and fell on the lid of a plastic bin, thereby sustaining injuries. *Id.* ¶¶ 8-9. Based on the foregoing, the Amended Complaint asserts two claims for relief: (1) premises liability

---

[1] This action was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Claire Cantave v. Holiday CVS, LLC*, Case No. 2021-006488-CA-01 ("Circuit Court Action"). Defendant removed this action on June 25, 2021. ECF No. [1].

against Defendant; and (2) negligence against John Doe, an employee and manager/supervisor for Defendant. Defendant now seeks to dismiss the Amended Complaint in its entirety on the basis that Plaintiff alleges claims of negligent mode of operation,[2] which is no longer a cognizable action under Florida law. *See generally* ECF No. [5].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual

---

[2] The Amended Complaint's allegations of negligent mode of operation are located in paragraphs 10(c), (f), (g) incorrectly marked as the second (f), (h) incorrectly marked as (g), and (i) incorrectly marked as (g), as well as paragraph 15(b), (e), (f), and (g) through (i).

allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## III.   DISCUSSION

Defendant contends that the Amended Complaint is subject to dismissal because it impermissibly asserts claims of negligent mode of operation, which the Florida legislature abrogated in 2010 with the enactment of Fla. Stat. § 768.0755.[3] Specifically, § 768.0755, entitled, "Premises liability for transitory foreign substances in a business establishment" provides as follows:

> (1)   If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b)   The condition occurred with regularity and was therefore foreseeable.
>
> (2)   This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

In her Response, Plaintiff argues that § 768.0755 merely shifts the burden of proof to Plaintiff to demonstrate that the business establishment had actual or constructive knowledge of the dangerous condition, and does not abrogate any common law theories of negligence. In other

---

[3] In 2010, the Florida legislature repealed Fla. Stat. § 768.0710, which allowed plaintiffs to hold defendants liable for "failing to exercise reasonable care in the maintenance, inspection repair, warning, or mode of operation of the business premises." Fla. Stat. § 768.0710(2)(b). Under the repealed statute, liability was imposed "simply on the basis that a premises owner operated an establishment in a negligent manner, regardless of whether the premises owner had actual or constructive knowledge of the specific factual circumstances resulting in the injury." *Caldwell v. Johnson Controls Sec. Sols. LLC, Inc.*, No. 18-cv-61672, 2019 WL 2247542, at *2 (S.D. Fla. Feb. 11, 2019), *report and recommendation adopted*, No. 18-cv-61672, 2019 WL 2247541 (S.D. Fla. Mar. 7, 2019).

words, Plaintiff contends that she may assert a theory of negligent mode of operation "to the extent it results in the creation of a dangerous condition proving actual knowledge under Florida Statute § 768.0755." ECF No. [9] at 9.

As an initial matter, the Court must highlight that it is unclear whether negligent mode of operation remains a viable theory of recovery in slip and fall cases involving transitory substances. Indeed, while some federal courts applying Florida law have addressed claims for negligent mode of operation even after the enactment of § 768.0755, others have not. *See, e.g.*, *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 910 (11th Cir. 2017) ("A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business." (citing *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260-61 (Fla. 2002); *Etheredge v. Walt Disney World Co.*, 999 So.2d 669, 672-73 (Fla. 5th DCA 2008))); *Woodman v. Bravo Brio Rest. Grp., Inc.*, No. 6:14-cv-2025-ORL-40, 2015 WL 1836941, at *3 (M.D. Fla. Apr. 21, 2015) ("Section 768.0755 has clearly eliminated the mode of operation theory as a basis for recovery in slip-and-fall cases and Plaintiff may not pursue her claim on this basis."); *see also Marquez v. BJ's Wholesale Club, Inc.*, No. 21-cv-60828-AHS (S.D. Fla. June 7, 2021), ECF No. [16] (collecting cases).

At this stage of the proceedings, the Court does not need to conclusively determine whether negligent mode of operation is a viable theory of recovery under Florida law. Nonetheless, based upon the plain language of Fla. Stat. § 768.0755, it is apparent that Plaintiff now has burden of proving that Defendant "had *actual or constructive knowledge* of the dangerous condition[.]" § 768.0755(1) (emphasis added). Importantly, Plaintiff does not dispute that Defendant's knowledge is an essential element of her claim. Plaintiff "seeks to establish that Defendant breached its common law duty to maintain the premises in a reasonably safe condition and to warn

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

of dangers it knew or should have known about, while also satisfying Fla. Stat. § 768.0755's evidentiary burden, by proving that Defendant knew or should have known" of the plastic bin lid left on the floor. ECF No. [9] at 7. Moreover, the Amended Complaint does not only plead allegations of negligent mode of operation, but also lists at least four other ways in which each Defendant was purportedly negligent. *See* ECF No. [5-1] ¶¶ 10, 15.

Based upon the foregoing, the Court agrees with Plaintiff that dismissal is improper under these circumstances and that she should be permitted to engage in discovery to determine whether the allegations of negligent mode of operation are relevant to Defendant's actual or constructive knowledge. To the extent discovery does not yield in Plaintiff's favor, Defendant may properly renew its argument in a motion for summary judgment.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [5]**, is **DENIED**.
2. Defendant shall file an Answer to the Amended Complaint, ECF No. [5-1], **no later than August 17, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record