UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

CLAIRE CANTAVE,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C., *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff Claire Cantave's ("Plaintiff") Motion for Leave to Amend Complaint, ECF No. [16] ("Motion"), filed on September 14, 2021. On September 21, 2021, Defendant Holiday CVS L.L.C. ("Defendant") filed its Response, ECF No. [18] ("Response"), to which Plaintiff has not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

On March 17, 2021, Plaintiff initiated this premises liability action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Claire Cantave v. Holiday CVS, LLC*, Case No. 2021-006488-CA-01 ("Circuit Court Action"). According to the Amended Complaint, Plaintiff was a business invitee at CVS pharmacy located at 11221 S.W. 152nd Street, Miami, Florida. ECF No. [16-1] ¶ 6. As Plaintiff was walking through the CVS pharmacy, she slipped and fell on the lid of a plastic bin, thereby sustaining injuries. *Id.* ¶¶ 8-9. Based on the foregoing, the Amended Complaint asserts two claims for relief: (1) premises liability

against Defendant; and (2) negligence against John Doe, an employee and manager/supervisor for Defendant.

On June 25, 2021, Defendant filed a Notice of Removal, ECF No. [1] ("Notice"), seeking removal of the Circuit Court Action pursuant to 28 U.S.C. § 1332. In the Notice, Defendant stated that removal is proper because the amount in controversy $75,000.00, exclusive of interests and costs, and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island. *Id.* Thereafter, on September 14, 2021, Plaintiff filed the instant Motion, explaining that she learned the identity of the John Doe Defendant and requesting that the Court grant leave to amend the Amended Complaint to substitute the name of John Doe for the name of Maysha Butler, a Florida resident. *See generally* ECF No. [16]; *see also* ECF No. [16-3] ("Second Amended Complaint"). Defendant opposes the Motion, arguing that Plaintiff's attempt to add Butler to this action amounts to a fraudulent joinder because there is no viable state law claim against Butler. *See generally* ECF No. [18].

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) ("When a plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. § 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15."). Thus, in such situations, the court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"A post-removal request to join a non-diverse party defendant 'is left to the discretion of the district court.'" *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). In deciding whether to permit amendment to join a non-diverse party, courts consider several factors, including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities.

*Gardner v. Eco Lab Inc.*, No. 07-80163-CIV, 2007 WL 9701821, at *2 (S.D. Fla. May 9, 2007) (citation omitted); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)) ("*Hensgens* factors). "Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent." *Laposa*, 2020 WL 2301446, at *2 (citation omitted).

### III.  DISCUSSION

Defendant argues that the first *Hensgens* factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—weighs against granting leave to amend. Defendant contends that there is no viable state law claim against Butler and, therefore, adding her to this action would amount to a fraudulent joinder. "A defendant seeking to establish fraudulent joinder must demonstrate by clear and convincing evidence that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant.'" *Laposa*, 2020 WL 2301446, at *3 (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)); *see Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

"Under Florida law, an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault." *Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) (citation omitted) (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). To state a negligence claim against a store manager in possession and control of the premises, the complaint must allege that he or she "was directly responsible for carrying out certain responsibilities; that he [or she] negligently failed to do so; and that, as a result, [plaintiff] was injured." *White*, 918 So. 2d at 358.

Here, Plaintiff's proposed Second Amended Complaint alleges that Butler (1) was "directly responsible for maintaining, managing, supervising and/or operating the subject store[,]" ECF No. [16-3] ¶ 11, and was personally involved in the supervision of other employees and for carrying out certain responsibilities, *id.* ¶¶ 12-13; (2) failed to carry out her duties by negligently (i) maintaining the floors of the pharmacy, (ii) inspecting the pharmacy to ascertain whether the lid of the plastic bin constituted a hazard to patrons, (iii) inspecting or warning Plaintiff of the transitory subject, (iv) failing to correct, maintain, or pick up the lid of the plastic bin on the floor, (v) failing to have adequate staff on duty/assigned to inspecting dangerous conditions, and (vi) failing to train employees to inspect the premises for dangerous conditions, *id.* ¶ 14; and (3) as a result of Butler's negligence, Plaintiff suffered injuries, *id.* ¶¶ 16-17. Viewing these allegations in the light most favorable to Plaintiff, Plaintiff has stated a plausible claim against Butler. While Defendant maintains that "Butler was not the store manager and did not have the duties Plaintiff alleges she did[,]" ECF No. [18] at 4, Defendant has failed to set forth any evidence, such as an affidavit, to contradict Plaintiff's allegations. *See Pacheco*, 139 F.3d at 1380 (11th Cir. 1998) (a court may consider affidavits to determine whether a defendant was fraudulently joined). As such,

the Court cannot say that clear and convincing evidence shows that there is no possibility that Plaintiff can establish a cause of action against Butler for negligence.

Having found that Plaintiff's attempt to add Butler to this action does not amount to a fraudulent joinder, the Court finds no reason not to permit amendment to substitute Butler for the John Doe Defendant. Specifically, from the outset of this action, it was Plaintiff's intention to assert a claim against John Doe, an employee and manager/supervisor for Defendant. *See* ECF No. [16-1] at 5-8; *see also* ECF No. [16-2] 5-8. As such, the proposed amendment effectuates Plaintiff's intent to sue both the tortfeasor and her employer. Moreover, Plaintiff has not been dilatory in seeking amendment—Plaintiff's Motion was filed on September 14, 2021 and within the time set forth in the Court's Scheduling Order, ECF No. [8], to amend the pleadings or join parties.

Lastly, Plaintiff would be prejudiced if the Court were to deny leave to amend. This is especially true in light of the Court's determination that the proposed Second Amended Complaint states a colorable claim against Butler. If the Court were to deny amendment, Plaintiff will otherwise be forced to pursue litigation against Butler in state court and against Defendant in federal court. *See Kelly v. Stillwater Pres. Dev., LLC*, 2018 WL 7460057, *2 (M.D. Fla. Nov. 14, 2018) ("In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." (citation omitted)). While Defendant may have an interest in proceeding in a federal forum, denying leave to amend will not only result in multiple lawsuits on the same essential subject matter, but will also run afoul the interest of the public and the courts in the complete and efficient settlement of controversies.

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

Therefore, based on the foregoing, the Court concludes that granting Plaintiff leave to file the Second Amended Complaint, ECF No. [16-3], to join Maysha Butler as a defendant is appropriate under the circumstances.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [16]**, is **GRANTED**.

2. Plaintiff shall file her Second Amended Complaint, ECF No. [16-3], **no later than October 8, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record