UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

CLAIRE CANTAVE,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C., et al.,

    Defendants.

_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, CLAIRE CANTAVE, by and through the undersigned attorneys, and hereby sues the Defendants, HOLIDAY CVS, L.L.C., (hereinafter "CVS") and MYESHA BUTLER, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interest. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida and was and is *sui juris*.

3. At all times material hereto, the Defendant, CVS, was and is Florida Limited Liability Company which owns, operates, or maintains multiple properties for the regular transaction of its business in Miami-Dade County, Florida.

4. Upon information and belief, at all times material hereto, the Defendant, MYESHA BUTLER, was and is a resident of Miami-Dade County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

5. On or about December 15th, 2020, Plaintiff was a customer and lawfully present business invitee at the CVS pharmacy located at 11221 SW 152nd Street in Miami-Dade County, Florida. This pharmacy was owned, operated and/or maintained by the Defendant, CVS.

6. At all times material hereto, the Defendant, MYESHA BUTLER, was an employee and manager or supervisor of the Defendant, CVS's front of store employees. The Defendant, MYESHA BUTLER, was working at the time of the subject incident.

7. On the above date, Plaintiff was walking through the pharmacy, when she suddenly and unexpectedly stepped on the lid of a plastic bin, causing her to fall.

8. As a result of the fall, Plaintiff sustained bodily injury.

## **COUNT I - PREMISES LIABILITY AS TO CVS**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 8 above as though they had been set forth herein and further states:

9. At all times material hereto, the Defendant by and through its employees, agents, and assigns, had a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to protect Plaintiff from dangers or defects about which the Defendant was or should have been aware, through the use of ordinary and reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

b) Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;

c) Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

d) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

e) Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

  f) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and around where the subject incident occurred;

  g) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the premises for dangerous conditions and repairing, maintaining, cleaning, or otherwise remedying any dangerous conditions;

  h) Negligently failing to train or adequately train its employees to inspect the premises for dangerous conditions;

  i) Negligently failing to follow its own corporate policy(ies) and procedures regarding the dangerous condition.

  10. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

  WHEREFORE, Plaintiff, CLAIRE CANTAVE, demands judgment in her favor against the Defendant, CVS, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

  Plaintiff, CLAIRE CANTAVE, demands trial by jury on all issues triable as of right by jury.

### COUNT II - NEGLIGENCE AS TO MYESHA BUTLER

  Plaintiff hereby incorporates and re-alleges paragraphs 1 through 8 above as though they had been set forth herein and further states:

  11. At all times material hereto, the Defendant, MYESHA BUTLER, was employed by the Defendant, CVS, as a supervisor was directly responsible for maintaining, managing, supervising and/or operating the subject store and therefore is personally liable to Plaintiff. *White*

*v. WalMart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*. 405 So. 2d 1363, 1364 (Fla. 4th 1981).

12.     At all times material hereto, the Defendant, MYESHA BUTLER, was directly responsible for executing Defendant, CVS', policies of store management and was personally involved in Defendant, CVS, previously described negligent conduct and is therefore personally liable to Plaintiff. White. 918 So. 2d at 358; Orlovsky. 405 So. 2d at 1364. The Defendant, MYESHA BUTLER, was personally involved in the supervision of fellow CVS employees, identification of hazards on the floors of the Defendant, CVS', pharmacy's floors, and ensuring that fellow employees were properly identifying and remedying hazards on the floors of the Defendant, CVS's pharmacy.

13.     At all times material hereto, and by virtue of his position with the Defendant, CVS, the Defendant, MYESHA BUTLER, owed Plaintiff a duty to maintain the pharmacy in a reasonably safe and clean condition and to warn Plaintiff of any latent dangers in the store or on its premises, and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, warned and/or cleaned the premises consistent and in compliance with the Defendant, CVS', policies and procedures, and with what was reasonably customary for the business community in and around where the subject incident occurred.

14.     At all times material hereto, the Defendant, MYESHA BUTLER, breached her duty owed to Plaintiff by committing one or more of the following acts or omissions:

    a)     Negligently failing to maintain or adequately maintain the floors of the pharmacy, thus creating a hazard to members of the public utilizing the premises, including Plaintiff;

    b)     Negligently failing to inspect or adequately inspect the pharmacy to ascertain whether the lid of the plastic bin constituted a hazard to members of the public utilizing said premises, including the Plaintiff herein;

    c)     Negligently failing to inspect or adequately warn the Plaintiff of the existence of transitory object, when the Defendant knew or through the exercise of reasonable care should have known that the lid of the plastic bin was unreasonably dangerous and that Plaintiff was unaware of same;

   d) Negligently failing to correct, maintain, repair, or pick up the lid of the plastic bin on the Defendant's premises, when the lid was either known to the Defendant or had existed for a sufficient length of time such that the Defendant should have known of same had the Defendant exercised reasonable care;

   e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the parking lots for dangerous conditions and cleaning/repairing/remedying said dangerous conditions;

   f) Negligently failing to train and/or inadequately training her employees to inspect the premises for dangerous conditions;

   15. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

   WHEREFORE, Plaintiff, CLAIRE CANTAVE, demands judgment in her favor against the Defendant, MYESHA BUTLER, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

   Plaintiff, CLAIRE CANTAVE, demands trial by jury on all issues triable as of right by jury.

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 6, 2021, and the foregoing is being served on this day on all counsel or parties of record on the service list below, or either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filings.

                                           */s/Jessica A. Orenstein, Esq.*
                                           **Jessica A. Orenstein, Esq.**
                                           Florida Bar Number: 127182
                                           MORGAN & MORGAN, P.A.
                                           *Attorneys for Plaintiff*
                                           703 Waterford Way, Suite 1050
                                           Miami, FL 33126
                                           Telephone: 786-598-5563
                                           Facsimile: 786-598-5583
                                           jorenstein@forthepeople.com
                                           rpadron@forthepeople.com

## **SERVICE LIST**

Jacob J. Liro, Esquire
JLiro@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL 33135
Telephone:(305) 448-3939
Facsimile: (305) 441-1745
Attorneys for Defendant