UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22344-BLOOM/Otazo-Reyes**

CLAIRE CANTAVE,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C., *et al.*,

    Defendants.
    _____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 4, 2021, the Court granted Plaintiff Claire Cantave's ("Plaintiff") request for leave to file a Second Amended Complaint to substitute the name of John Doe for the name of Myesha Butler—the effect of which would defeat diversity jurisdiction in this matter. *See* ECF No. [19] ("Order").[1] Plaintiff has now filed her Second Amended Complaint, adding Myesha Butler as a Defendant. *See* ECF No. [20] ("Second Amended Complaint"). The Court has carefully reviewed the Second Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any

---

[1] On March 17, 2021, Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Claire Cantave v. Holiday CVS, LLC*, Case No. 2021-006488-CA-01. Defendant Holiday CVS, L.L.C. removed this action on June 25, 2021, pursuant to 28 U.S.C. § 1332. *See* ECF No. [1].

time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003). With regard to diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

Here, the Second Amended Complaint asserts two claims for premises liability against Defendant Holiday CVS, L.L.C. and Defendant Butler, which are claims that fall squarely under state law. *See* ECF No. [20] at 2-5; *see also* Fla. Stat. § 768.0755; *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). As for diversity jurisdiction, complete diversity does not exist because both Plaintiff and Defendant Butler are citizens of Florida. *See* ECF No. [20] ¶¶ 2, 4. Therefore, because the Court lacks both federal question and diversity jurisdiction, this action must be remanded to the state court. *See* 28 U.S.C. § 1447(c).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

Case No. 21-cv-22344-BLOOM/Otazo-Reyes

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record